UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICHARD BRYSON,
        Plaintiff,

vs.                                    Case No.:  3:23cv14417/MCR/ZCB

J. SHIVER, et. al.,
        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff is an inmate of the Florida Department of Corrections.  He is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action.  Presently before the Court is Plaintiff's amended complaint.  (Doc. 20).  The Court has reviewed the amended complaint as required by 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  For the reasons below, dismissal is warranted because Plaintiff has failed to state a claim upon which relief can be granted.[1]

_____

[1] The Court previously provided Plaintiff with an opportunity to file an amended complaint after identifying deficiencies in his original complaint.  (Doc. 16).  Because Plaintiff's amended complaint is also deficient, dismissal is appropriate.  *See generally Horn v. Est. of Camacho*, 817 F. App'x 872, 874 (11th Cir. 2020) (stating that the court should give a *pro se* plaintiff "at least one chance to amend before" the case is dismissed).

## I.    Summary of Plaintiff's Factual Allegations[2]

Plaintiff names six employees of Santa Rosa Correctional Institution (SRCI) as Defendants: (1) Warden Donald Leavins, (2) Assistant Warden J.D. Pittman, (3) Doctor Debra Perry, (4) Mental Health Program Director J. Shiver, (5) Doctor J. Cephas, and (6) Mental Health Counselor Amanda Smith.  (Doc. 20 at 3-4).  Plaintiff raises Eighth Amendment claims against each Defendant, claiming they were deliberately indifferent to his mental health needs.  (*Id.* at 9).

Plaintiff alleges he struggles with suicidal ideations and has informed or attempted to inform each Defendant of his struggle.  Plaintiff believes he needs to be placed in inpatient, long-term mental health treatment, as opposed to the outpatient treatment he has been receiving. (*See generally id.*).  Plaintiff alleges that he has been placed in inpatient treatment in the past, but each time the medical staff members have discharged him despite the fact that he "still feel[s] like dying and harming [him]self."  (*Id.* at 7).  Plaintiff alleges that outpatient treatment

---

[2] At this point in the proceeding, the Court assumes the allegations are true.  *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty.*, 48 F.4th 1222, 1229 (11th Cir. 2022).  And the Court notes that Plaintiff's allegations remain largely unchanged from his initial complaint.  (*See* Doc. 5).

"ain't working" for him, but Defendants have refused to provide him with more intensive treatment.  (*Id.* at 8).  As for relief, Plaintiff seeks an order directing Defendants to place him in inpatient treatment.[3]  (*See* Doc. 13).

## II.    Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between

---

[3] Plaintiff has previously requested immediate placement in an inpatient mental health facility, which the Court construed as a motion for a preliminary injunction and recommended denying after receiving a response from the FDOC.  (Doc. 13).  As detailed in the Court's prior report and recommendation, the FDOC explained that a multidisciplinary team developed an individualized service plan for Plaintiff, and Plaintiff has received, and is continuing to receive, "case management, individual counseling, psychiatric follow-up, medication management, group counseling, and education to treat his mental health needs."  (*Id*. at 2).

possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

## III.   Discussion

### A.  Plaintiff's complaint fails to plausibly allege a deliberate indifference claim.

The Eighth Amendment forbids the "inflict[ion]" of "cruel and unusual punishments." U.S. Const. amend. VIII. The Supreme Court has held that it is "cruel and unusual punishment" for prison officials to act with "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). That means prison officials

are obligated to provide prisoners with "minimally adequate medical care." *Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991). The deliberate indifference standard is much higher than simple negligence or medical malpractice—it is only met if medical care is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id*. at 1505-06 (cleaned up).

To prevail on a deliberate indifference claim, a plaintiff must first show an "objectively serious medical need." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020) (cleaned up). A medical need is objectively serious if it "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention—that, if left unattended, poses a substantial risk of serious harm." *Id*. (cleaned up). To satisfy the subjective prong, a plaintiff must prove that prison officials (1) had "subjective knowledge of a risk of serious harm," (2) disregarded that risk, and (3) acted with more than mere negligence. *Id*. (cleaned up).

And "to be deliberately indifferent to a strong likelihood that the prisoner will commit suicide" in particular, "the official must be subjectively aware that the combination of the prisoner's suicidal

tendencies and the feasibility of suicide in the context of the prisoner's surroundings creates a strong likelihood that the prisoner will commit suicide. *See Gish v. Thomas*, 516 F.3d 952, 954-55 (11th Cir. 2008); *see also Cagle v. Sutherland*, 334 F.3d 980, 984, 989-90 (11th Cir. 2003) (finding no deliberate indifference to risk of suicide when the detainee was observed every fifteen minutes and his belt, shoelaces, and other implements were taken from him).

Here, Plaintiff's complaint fails to plausibly allege a deliberate indifference claim. The Court accepts that Plaintiff's mental health issues constitute objectively serious medical needs. But Plaintiff has not demonstrated that Defendants disregarded a serious risk of harm to Plaintiff and did so in a manner that was more than mere negligence.

As the Court has already informed Plaintiff with respect to his previous complaint (*see generally* Doc. 16), what Plaintiff has alleged is a disagreement regarding his mental health treatment plan. It is clear from Plaintiff's allegations that he has received mental health treatment—thus, this is not a case involving the denial of treatment. Instead, it is a case where Plaintiff thinks he should be receiving a different type of treatment than the medical providers have prescribed.

Such a disagreement over medical treatment decisions does not plausibly allege an Eighth Amendment deliberate indifference claim. *See Brown v. McClure*, 849 F. App'x 837, 841 (11th Cir. 2021).

The Eleventh Circuit's decision in *Brown* involved a situation that is analogous to the current case. The plaintiff in *Brown* was a prisoner with a history of self-harm who alleged prison medical providers were deliberately indifferent because they discharged him from inpatient treatment and failed to admit him to a crisis stabilization unit. *Id.* at 839, 841. The district court rejected the plaintiff's claim, and the Eleventh Circuit affirmed. In doing so, the *Brown* court explained that the plaintiff's claim "amounts to a disagreement with [the provider's] medical judgment." *Id.* at 841. And "disagreement with that medical decision does not constitute deliberate indifference to a serious medical need." *Id.* at 842; *see also Barnhill v. Inch*, No. 4:18-cv-564, 2020 WL 6049559, at *8 (N.D. Fla. Aug. 28, 2020) ("Where the inmate has received medical attention and the dispute is over the propriety of that course of treatment, courts should be reluctant to question the accuracy or appropriateness of the medical judgments made.").

Plaintiff here, like the prisoner in *Brown*, believes he should be receiving a different type of treatment for his mental health issues. Plaintiff clearly disagrees with the conclusion that he does not need long-term inpatient care and that outpatient care is sufficient.  Just as in *Brown*, however, such a disagreement regarding medical treatment decisions is insufficient to state a deliberate indifference claim against Defendants.  *See Phillips v. Robbins*, No. 5:16-cv-01483, 2017 WL 5986027, at *17 (N.D. Ala. Oct. 27, 2017) (dismissing deliberate indifference claim regarding the type of mental health treatment that was appropriate and explaining that "where a prisoner has received medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law") (cleaned up). Accordingly, Plaintiff has not plausibly alleged a deliberate indifference claim in this case.

## B. Plaintiff's amended complaint fails to allege supervisory liability on the part of Defendant Warden Leavins and Defendant Assistant Warden Pittman.

"Supervisory officials are not vicariously liable under section 1983 for the unconstitutional acts of their subordinates." *Ingram v. Kublik*, 30

F.4th 1241, 1254 (11th Cir. 2022).  A plaintiff must, instead, allege that the supervisor, through his own actions, violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Because Plaintiff does not allege that Defendants Leavins and Pittman were present or involved in the medical decisions at issue, Defendants Leavins and Pittman are liable under section 1983 "only if there is a causal connection between [their] actions and the alleged constitutional deprivation." *Ingram*, 30 F.4th at 1254.  Causation may be established and supervisory liability imposed "where the supervisor's improper custom or policy results in deliberate indifference to constitutional rights." *Id.*  "[T]o prove that a policy or its absence caused a constitutional harm, a plaintiff must point to multiple incidents, or multiple reports of prior misconduct by a particular employee." *Piazza v. Jefferson Cnty.*, 923 F.3d 947, 957 (11th Cir. 2019).  And allegations of a single incident of unconstitutional conduct cannot state a claim for supervisory liability, even when the conduct involves several subordinates.  *Id.* at 957-58.

Here, it appears Plaintiff is asserting supervisory liability claims against Defendants Warden Leavins and Assistant Warden Pittman based on their respective responsibilities for various programs at SRCI.

Plaintiff's amended complaint does not allege any custom or policy on the part of either Defendant that caused Plaintiff's alleged constitutional violation. Plaintiff merely challenges the way SRCI officials have addressed his personal medical situation. And as the Court has already informed Plaintiff, such isolated conduct does not plausibly allege a policy or custom for supervisory liability. *See Ortiz v. Geo Corp.*, No. 19-80887, 2020 WL 8366167, at *7 (S.D. Fla. Oct. 9, 2020) (dismissing a supervisory liability claim for failure to allege a policy or custom when the plaintiff merely complained of decisions surrounding his own medical care); *see also Torres v. Gee*, No. 8:11cv2789, 2011 WL 6780866, at *2 (M.D. Fla. Dec. 27, 2011) (determining the plaintiff failed to state a supervisory liability claim because challenging his own medical care decisions involved "isolated wrongdoings" that did not allege a policy or custom). Therefore, Plaintiff has not plausibly alleged supervisory liability claims against Defendants Warden Leavins and Assistant Warden Pittman.

## IV.  Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

(1) Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1), and

(2) the Clerk of Court be directed to close this case.

At Pensacola, Florida this 20th day of December 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice to the Parties

Objections must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.